IN THE COURT OF CRIMINAL APPEALS
OF TEXAS
 


NO. WR-80,643-01




EX PARTE ISIDORE KRISHNA BRIDGEFORTH, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 14276C IN THE 29TH DISTRICT COURT
FROM PALO PINTO COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of engaging in
organized criminal activity and sentenced to thirty five years’ imprisonment. The Eleventh Court
of Appeals affirmed his conviction. Bridgeforth v. Texas, 11-10-00356-CR (Tex. App.– Eastland
August 9, 2012).
            Applicant contends, inter alia, that his appellate counsel rendered ineffective assistance
because counsel failed to timely notify Applicant that his conviction had been affirmed and that he
had the right to file a pro se petition for discretionary review. 
            Applicant has alleged facts that, if true, might entitle him to relief. Smith v. Robbins, 528
U.S. 259, 285-86 (2000); Strickland v. Washington, 466 U.S. 668 (1984). In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order
appellate counsel to respond to Applicant’s claim of ineffective assistance of counsel. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact as to whether Applicant’s appellate counsel timely
informed Applicant that his conviction had been affirmed and informed Applicant as to the
applicable deadlines in order to proceed pro se. The trial court shall also make any other findings
of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant’s
claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.
Filed: February 12, 2014
Do not publish